# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW NICOLO, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 17-CV-0160-CVE-FHM |
| DEBORAH LUDI-LEITCH, | ) |
|         Defendant. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's motion to remand (Dkt. # 6) and defendant's motion to dismiss (Dkt. # 5). Plaintiff asks the Court to remand this case to the District Court of Tulsa County, State of Oklahoma, arguing that this Court does not have jurisdiction. Dkt. # 6, at 3-4. Defendant argues that the Court has jurisdiction over this suit under federal question jurisdiction. Dkt. # 8, at 3. Moreover, defendant asks the Court to dismiss plaintiff's claims because she is entitled to absolute judicial immunity. Dkt. # 5, at 2. Plaintiff responds, arguing that defendant is not entitled to immunity. Dkt. # 7, at 2.

## I.

In April 2016, plaintiff was arrested and charged with two misdemeanors under state law. Dkt. # 2-2, at 2. He was scheduled to appear on May 20, 2016 before defendant, who is a judge in the District Court of Tulsa County. Id. On May 16, 2016, plaintiff filed a motion stating that he intended to plea not guilty and proceed pro se. Id. Plaintiff alleges that, at his appearance, defendant ordered him to appear on June 17, 2016 with an attorney. Id. Plaintiff filed a second motion on May 25, 2016, again stating that he intended to plea not guilty and represent himself. Id. Plaintiff asserts that, at his second appearance, defendant told him, "THIS IS YOUR LAST CHANCE - YOU BE

HERE WITH AN ATTORNEY ON JULY 1ST OR ELSE!" Id. On June 20, 2016, plaintiff filed a third motion stating that he wished to represent himself and plea not guilty. Id.

Plaintiff alleges that he had no choice but to retain a lawyer and that he, therefore, met with an attorney and paid him $800. Id. This attorney represented him at his third appearance, and plaintiff entered a plea of not guilty. Id. Plaintiff asserts that his attorney then told him a trial would cost another $5,000. Id. Because plaintiff could not afford his attorney's trial fee, he asserts that he was "forced into the court systems [sic] plea bargain system and felt compelled to accept a guilty plea." Id.

On March 21, 2017, plaintiff filed this case in the District Court of Tulsa County, alleging that defendant violated his right to represent himself under the Sixth Amendment and his right to due process under the Fifth and Fourteenth Amendments. Id. at 3. On March 29, 2017, defendant removed the suit to this Court. Dkt. # 2. Plaintiff now moves to remand, and defendant moves to dismiss. Dkt. ## 5, 6.

## II.

Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11

(1983). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

The Court has federal question jurisdiction over this case. Plaintiff's petition asserts that defendant violated his rights under the United States Constitution. As defendant is a judge in an Oklahoma state court, the best interpretation of plaintiff's claim is a suit pursuant 42 U.S.C. § 1983 for the alleged violation of plaintiff's rights under the United States Constitution. The rights that were allegedly violated, as well as the statute providing plaintiff the right to bring this suit, derive from federal law. Thus, this Court has federal question jurisdiction under 28 U.S.C. § 1331, and plaintiff's motion to remand will be denied.[2]

## III.

When considering a motion to dismiss, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most

---

[1] This decision is not precedential, but is cited for its persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[2] Moreover, it appears that plaintiff abandoned his motion for remand in his later filings. See Dkt. # 7, at 1; Dkt. # 9, at 1 (plaintiff asking for a jury trial in either state or federal court).

favorable to a claimant. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Thus, in considering defendant's motion to dismiss, the Court accepts the allegations in plaintiff's complaint as true.

"Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (quoting Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981)). "[A] judge does not act in the clear absence of all jurisdiction even if the action [she] took was in error, was done maliciously, or was in excess of [her] authority." Moss v. Kopp, 559 F.3d 1155, 1163 (10th Cir. 2009) (quoting Whitesel, 222 F.3d at 867). Absolute immunity protects a judge from liability even if her "exercise of authority is flawed by the commission of grave procedural errors." Id. (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)) (internal quotation marks omitted).

Plaintiff alleges that defendant violated his Fifth, Sixth, and Fourteenth Amendment rights by not allowing him to represent himself in his criminal misdemeanor suit. Plaintiff essentially alleges that defendant refused to accept his plea or proceed with his case until plaintiff retained a lawyer. Plaintiff's allegations all describe actions that defendant took as she was acting pursuant to her authority as a judge for the District Court of Tulsa County. Defendant is a judge of a court of general jurisdiction who had authority to preside over plaintiff's criminal case. Therefore, even if her actions constitute a "grave procedural error," she is immune from civil liability. Any violation of plaintiff's constitutional rights committed by defendant in her judicial capacity could have been addressed on appeal in defendant's criminal case. Accepting plaintiff's allegations as true, defendant

was not acting "in the clear absence of all jurisdiction." Thus, defendant is entitled to absolute judicial immunity, and defendant's motion to dismiss will be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 6) is **denied**, and defendant's motion to dismiss (Dkt. # 5) is **granted**. A separate judgment is entered herewith.

**DATED** this 11th day of May, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE